ROYER *v.* SCHULTZ BELTING CO. *et al.*

(*Circuit Court, E. D. Missouri, E. D.* October 26, 1889.)

PATENTS FOR INVENTIONS—BELT-SHIFTING DEVICE.

The claim of certain letters-patent granted to Herman Royer was, "in combination with the drum of a raw-hide fulling-machine operating to twist the leather alternately in one direction and the other, a shifting device for the purpose of making the operation automatic and continuous." The belt-shifting device had long before been used in combination with the roller of a washing-machine for the same purpose, and could obviously be used in combination with many machines, to impart reverse motion. It appeared that it was first applied to the patentee's machine by a mechanic, who was not shown to have worked under the patentee's direction. *Held,* that the combination was not patentable, and, if it was, that the patentee was not a sole inventor. Following *Royer* v. *Manufacturing Co.*, 20 Fed. Rep. 853.

In Equity. On bill for infringement of patents.

*Broadhead & Haeussler, William M. Eccles,* and *M. A. Wheaton,* for complainant.

*Chester H. Krum,* for defendants.

THAYER, J. The patent involved in this case was held to be invalid in the case of *Royer* v. *Manufacturing Co.*, 20 Fed. Rep. 853. In the case

at bar it is strenuously insisted that the learned judge who decided that case, overlooked the fact that the patent in question was for a combination of a belt-shifting device, with the drum of a raw-hide fulling-machine, and that he erroneously decided the case upon the theory that the patent only covered the shifting device, and was void because that device was old, or because the patentee had merely applied such old device to a new use. There is some language in the decision that no doubt furnishes ground for such contention, but in view of all that was said it appears, I think, that the court in fact held the patent to be void, on the ground that the combination described and claimed was not a patentable combination, in view of the state of the art; and in that view I concur.

The single claim contained in this patent is no doubt a combination claim. "I claim," says the patentee, "in combination with the drum of a raw-hide fulling-machine operating to twist the leather alternately in one direction and the other, a shifting device, for the purpose of making the operation automatic and continuous, substantially as described." In the case at bar the testimony shows without contradiction that long prior to the time that the patentee claims to have combined the belt-shifting device with the drum of a fulling-machine, it had been used in combination with the roller of a washing-machine, that was designed to turn first in one direction and then in the other, for the purpose of making that operation automatic. The same proof seems to have been tendered in the case above cited, decided by Judge DRUMMOND. The belt-shifting device in question is nothing more than a device to shift a driving-belt from one pulley to another, the two pulleys being located side by side or in close proximity to each other, and being keyed to different driving-shafts. Motion is communicated to the belt-shifter by a belt passing over a pulley keyed to a revolving shaft, and, when thus set in motion, it operates automatically to push the driving-belt of a machine from one pulley to another by a species of mechanism not necessary to be described, because not involved in this case; and in this manner, by giving the driving-shafts to which the pulleys are keyed a bearing on opposite sides of a wheel or roller to be turned, its motion is reversed at intervals. From the brief description here given it is obvious that the belt-shifting device in question is susceptible of being used in combination with a great many machines, for the purpose of imparting reverse motion; and it is admitted to be an old device. Complainant claims to have placed it in combination with the drum of a fulling-machine, to make it revolve in different directions at intervals, and upon this claim his patent is based. Prior to that time, however, Peter F. Clerc combined it with the roller of a washing-machine, to reverse the motion of the roller periodically; and it goes without saying that it might be combined with the driving wheel or shaft of any machine in such manner as to reverse its motion automatically, and that each particular combination could be claimed as patentable, if complainant's patent is valid. The application or adaptation of the belt-shifting device to a fulling-machine appears to the court to have involved merely an exercise of ordi-

nary mechanical skill, considering the fact that the belt-shifting device was old, and that Clerc had already placed it in combination with the roller of a washing-machine for the purpose of making its action automatic. This view is strongly enforced by the testimony showing how the alleged patentable combination happened to be made. It appears that Royer, the alleged inventor, was referred to Clerc as a person who knew how to make "reversers," as the belt-shifting device was then termed; that he applied to Clerc to make a reverser for his fulling-machine, and gave him a plan of the same, and that Clerc accordingly made one adapted to the fulling-machine in question, and that it worked well the first time it was tried, and was the same device that Clerc had previously applied to a washing-machine. It does not appear that Royer gave Clerc any directions as to the construction of the reverser, or mode of application to a fulling-machine, or that the latter worked under Royer's supervision. Clerc was applied to as a mechanic who knew how to make reversers, and who understood how to adapt them to machines of any description, for the purpose of imparting reverse action automatically. In the light of this testimony it appears to the court that the combination of the belt-shifter with the drum of a fulling-machine was not a patentable combination, and that, if it was, the alleged patentee is not solely entitled to the credit of the invention, but that Clerc was at least a joint inventor. The bill in either event must be dismissed; and it is so ordered.